MARY W. RAMÍREZ ET AL., Plaintiffs and Appellants, *v.* CARIBBEAN CASUALTY CO., Defendant and Appellee.

No. 4112. Argued February 18, 1927.—Decided June 14, 1927.

*J. Alemañy Sosa* for the appellants. *Jaime Sifre, Jr., Horacio Franceschi* and *Diego O. Marrero* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Mary W. Ramírez and her husband, Dr. T. Ramírez Cuerda, sued the Caribbean Casualty Co. in the District Court of Mayagüez for certain liabilities arising out of an insurance policy on an automobile.

The defendant demurred to the complaint and moved for a change of venue to San Juan, its place of residence. The plaintiffs acquiesced and the change of venue was granted.

After the record had been filed in the District Court of San Juan the defendant answered the complaint and alleged as new matter of opposition and defense that it was not bound by the policy issued by it because at the moment of the accident which gave rise to the claim the automobile was not being used for private purposes, but for professional purposes. The defense is based on the following clause of the insurance policy:

"In consideration of the reduced premium on this policy the insured states (and the company admits this statement to be true) that the automobiles covered by this policy are and shall be used only for private purposes. By 'private purposes' shall be understood the personal use of the automobile for the pleasure of the insured and his family, excluding the regular and frequent use of the automobile for making business or professional calls and excluding the use of the automobile for the delivery of merchandise."

At this stage the plaintiffs moved the District Court of San Juan for a change of venue to the District Court of Mayagüez on the ground of the convenience of the witnesses. They exhibited with the motion an affidavit of merits complying with all of the technical requirements of the law and the jurisprudence relative to the existence of a good cause of action and other formalities, and stated that their witnesses would be Dr. Frank R. Rivera, Rafael Mangual and the clerk of the district court. The affidavit states also that

the accident giving rise to the claim happened within the judicial district of Mayagüez, narrates what is intended to be proved by each one of the witnesses residing in the said district, and sets forth the reasons why it would be difficult for the witnesses to appear outside of the district in which they reside.

Following the affidavit there appears in the transcript an order which reads as follows:

"The court hereby overrules in every particular the motion for a change of venue filed by the plaintiffs."

Then follow the notice of appeal and the certificate of the transcript. There is nothing else.

The appellants allege in their brief that the district court abused its discretion in refusing the change of venue. Their argument is that they presented a *prima facie* case in their favor; that the other party did not file any written opposition, and that it seems that the District Court of San Juan decided the case in that way because "it paid attention to and was misled by the argument of the defendant that our acquiescence in its motion in the District Court of Mayagüez for a change of venue estopped us from moving for a change of venue on the ground of the convenience of the witnesses."

The defendant filed a lengthy brief in support of the decision appealed from. It admits that it did not file any written opposition, but contends that it appeared at the hearing on the motion and opposed it. It disregards the argument of the appellants referring to its contention that the appellants were estopped by reason of their acquiescence in the first motion and directs its argument to prove (1st) that it was absolutely entitled to have the case tried in San Juan, the place of its residence and, therefore, that the motion should have been flatly overruled, and (2nd) that in case that motion should be considered, its decision depended on the discretion of the court and it should be dismissed also

because it had not been shown that the court had abused its discretion.

It seems proper to say from the start that the acquiescence by a plaintiff in a motion for a change of venue made by the defendant based on its residence in another district does not imply a waiver by the plaintiff of his right to move at the proper time for a change of venue to the district where the original complaint was filed if it is so required by the convenience of the witnesses and by the ends of justice. This is so plain that it need not be argued. As a matter of law a defendant may move for a change of venue to the district of his residence. Why oppose it? But if later, when issue is joined on the facts by virtue of the answer, there arises the question of the convenience of the witnesses who are to testify at the trial, that question may be raised and serve as a basis for another motion for a change of venue based on a different ground. It can not be said that the plaintiffs could have opposed it by alleging from the outset the convenience of the witnesses. If they had done so their action would have been premature and without foundation, because the motion of the defendant for a change of venue was made before its answer was filed. *Sánchez* v. *Atlas Commercial Co.*, 27 P.R.R. 57, *Torres et al.* v. *Torres et al.*, 16 P.R.R. 334.

The defendant goes too far in urging the absolute impropriety of the motion of the plaintiffs for a change of venue. It is true that the law grants a clear and indisputable right to the defendant to have an action against him tried in the district of his residence, with the exceptions specified by the law itself, and that the present case does not fall within those exceptions, but everything is subject, according also to the law, to the discretion of the court to change the venue for any of the reasons specified in section 83 of the Code of Civil Procedure.

It is a well established rule that when a change of venue is sought for the convenience of the witnesses and to promote

the ends of justice, the decision is discretional. This court had recently an opportunity to apply that rule. See *Abraham v. Piereschi, ante,* page 53.

In that case there was not only opposition on the part of the adverse party, but it was alleged by him that the convenience of his witnesses required that the case be tried where the complaint had been filed, setting forth the names of the witnesses, the matters on which they would testify and the reasons that made it difficult for them to leave the district. The judge weighed the pleadings of both parties and the concurring circumstances and as no abuse of discretion was shown, this court affirmed his ruling.

In the present case the defendant only objected orally and we have had an opportunity to see how exaggerated is its idea of its right. It briefly states that the convenience of its witnesses would be served by having the case tried in San Juan. It does not set forth the names of its witnesses or the matters on which they would testify, as was done by the plaintiffs, and an examination both of the complaint and the alleged defense seems to show that if the defendant has any witness in support of its defense, that witness probably resides also in Mayagüez.

As stated in the affidavit of merits, not only are the witnesses for proving the accident residents of Mayagüez, but also those whose testimony is to be used against the defense set up by the defendant. Two of those witnesses are physicians and another is the clerk of the district court who must produce certain records. It is true that it has been held that the necessity of producing records (25 Cal. Jur. 886) is not sufficient in itself, but is a fact to be considered.

For the promotion of the ends of justice in general it should be borne in mind not only that all of the events took place in the district of Mayagüez, but also that the defendant went to Mayagüez to do business and there contracted with the plaintiffs. Probably the only person who would

have to go to Mayagüez on the day of the trial would be the attorney for the defendant, while if the case were tried in San Juan the plaintiffs, their attorney and all their witnesses would have to come here.

This being the case, it may be said that it falls within the following jurisprudence established by the Supreme Court of California:

"But if the affidavits of the moving party show a clear case justifying a change on the ground of convenience of witnesses, and there is no fact or reason presented in opposition to the motion, there is no basis for the exercise of discretion and the change should be ordered." 25 Cal. Jur. 886.

For the foregoing reasons the decision appealed from must be reversed and the record returned to the District Court of San Juan to be duly transmitted to the District Court of Mayagüez.